UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 12-146** |
| | **REF: C.A. 13-6596** |
| **KEVEION SHINE,** | **SECTION "E"** |
| Defendant | |

### ORDER AND REASONS

On December 12, 2012, Defendant Keveion Shine pleaded guilty pursuant to a plea agreement to two counts of a four-count indictment.[1] The plea agreement contained an appeal waiver.[2] He was sentenced on March 27, 2013 to imprisonment for a term of 200 months.[3] Almost five months later, he filed a pro se notice of appeal.[4]

Then, less than a year after entry of judgment, Defendant filed a § 2255 motion asserting, among other claims, his counsel was ineffective by failing to file a timely notice of appeal.[5] Defendant attached to that motion an affidavit attesting that he affirmatively instructed his counsel to file a notice of appeal to preserve his appellate rights.[6] The Court ordered briefing and the Government responded, contending that counsel did not render ineffective assistance by failing to file a notice of appeal under these circumstances.[7]

---

[1]   R. Doc. 34.
[2]   R. Doc. 36 at 3.
[3]   R. Docs. 44, 46.
[4]   R. Doc. 47.
[5]   R. Doc. 52 at 16
[6]   R. Doc. 52 at 23.
[7]   R. Doc. 54 at 5-6.

1

The Fifth Circuit subsequently appointed counsel for Defendant, and counsel filed a motion to stay this § 2255 proceeding except as to the out-of-time appeal issue, and a supplemental brief arguing in favor of granting an out-of-time appeal.[8]

A defendant asserting ineffective assistance of counsel must "show that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citations and internal quotation marks omitted). In the context of an ineffective assistance claim based on counsel's failure to file a notice of appeal, counsel's performance is *per se* unreasonable if counsel "disregards specific instructions from the defendant to file a notice of appeal." *See id.* at 477. Likewise, a defendant who specifically instructs counsel to file a notice of appeal but is deprived of that appeal by counsel's unreasonable performance need make no additional showing of prejudice. *See id.* at 485 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)).[9]

In this case, Defendant's unrebutted affidavit states that he specifically instructed his counsel to file a notice of appeal. No notice of appeal was filed. Therefore, counsel's performance was objectively unreasonable and Defendant was prejudiced. Defendant has established his entitlement to an out-of-time appeal. Accordingly, pursuant to the procedure described by the Fifth Circuit in *United States v. Flores*, 442 F. App'x 123, 124 (5th Cir. 2011),

---

[8]   R. Docs. 59, 63.
[9]   The test cited by the Government applies when the ineffective assistance was failure to consult about taking an appeal, not failing to file a notice of appeal as explicitly directed. *See Flores-Ortega*, 528 U.S. at 484.

2

**IT IS ORDERED** that Defendant's § 2255 motion is **DISMISSED WITHOUT PREJUDICE**; his request for an out-of-time appeal is **GRANTED**; and Defendant's judgment of conviction is reentered on the docket, at which time his notice of appeal "will be treated as if it was filed on the date of or after reentry."

New Orleans, Louisiana, this 23rd day of June, 2014

                                                                                     _____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE