# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-146**<br>**REF: C.A. 13-6596** |
| **KEVEION SHINE,**<br>    **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is Defendant's motion to vacate under 28 U.S.C. § 2255.[1]

## BACKGROUND

On December 12, 2012, Defendant Keveion Shine pleaded guilty pursuant to a plea agreement to two counts—(1) distribution of heroin, and (2) possession with intent to distribute crack—of a four-count indictment.[2] The plea agreement contained an appeal waiver.[3] Defendant was sentenced on March 27, 2013, to a term of imprisonment of 200 months.[4]

On August 23, 2013, Defendant filed a *pro se* notice of appeal.[5] On December 5, 2013, he filed a motion under 28 U.S.C. § 2255, asserting, among other claims, his counsel was ineffective by failing to file a timely notice of appeal.[6]  Defendant attached to that motion an affidavit attesting that he affirmatively instructed his counsel to file a notice of appeal to preserve his appellate rights.[7] The Court ordered briefing and the Government

---

[1] R. Doc. 70.
[2] R. Doc. 34.
[3] R. Doc. 36 at 3.
[4] R. Docs. 44, 46.
[5] R. Doc. 47.
[6] R. Doc. 52 at 16.
[7] R. Doc. 52 at 23.

responded, contending that counsel did not render ineffective assistance by failing to file a notice of appeal.[8]

The Fifth Circuit subsequently appointed counsel for Defendant, and counsel filed a motion to stay the § 2255 proceeding except as to the out-of-time appeal issue and a supplemental brief arguing in favor of granting an out-of-time appeal.[9] On June 23, 2014, the Court dismissed without prejudice Defendant's § 2255 motion and granted his request for an out-of-time appeal.[10] The Court reentered Defendant's judgment of conviction on the docket.

On appeal, Defendant's court-appointed counsel moved for leave to withdraw as counsel on appeal in accordance with *Anders v. California*,[11] which states that, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."[12] In an *Anders* brief, Defendant's appellate counsel stated that there was no nonfrivolous issue for appeal.[13] On February 24, 2015, the Fifth Circuit dismissed Defendant's appeal as frivolous.[14] The Fifth Circuit noted that the record was "not sufficiently developed to allow [the court] to make a fair evaluation of [Defendant's] claim of ineffective assistance of counsel"; consequently, the court declined to consider that claim without prejudice to collateral review.[15] The court concluded    that    Defendant's    appeal    "present[ed]    no    nonfrivolous    issue    for

---

[8] R. Doc. 54 at 5–6.
[9] R. Docs. 59, 63.
[10] R. Doc. 64.
[11] *See* Fifth Circuit Case No. 13-30913, Document No. 512744929.
[12] 368 U.S. 738, 744 (1967).
[13] *See* Fifth Circuit Case No. 13-30913, Document No. 512744940 at 13 (noting "there is no nonfrivolous basis for challenging the validity of Shine's guilty plea" and "no arguable basis for challenging Shine's sentence on appeal"); *see also id.* at 30 ("[T]he record does not reveal a nonfrivolous basis for challenging the validity or enforceability of the appeal waiver in Shine's plea agreement or for raising a challenge to the sentence that would fall outside the scope of the waiver.").
[14] R. Doc. 69.
[15] *Id.* at 2.

appellate review."[16]

Defendant filed the instant motion to vacate under 28 U.S.C. § 2255 on October 9, 2015.[17] Per the Court's order,[18] the Government filed a response in opposition to Defendant's motion to vacate on January 11, 2016.[19]

## DISCUSSION

Defendant's plea agreement contained a waiver of appeal rights, and consequently Defendant waived "his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Section[] 2255."[20] He specifically retained the right to appeal his sentence, however, if it exceeded the statutory maximum. He also retained the right to bring a post-conviction challenge "if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[21]

"For a waiver of appeal to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up."[22] At Defendant's rearraignment, the Court reviewed with Defendant the waiver of appeal provisions contained in his plea agreement:

> **THE COURT:** Do you understand that under your Plea Agreement, you have expressly waived your right to a direct appeal of your conviction or sentence except that you have reserved your right to appeal any punishment imposed in excess of the statutory maximum?
>
> **THE DEFENDANT:** Yes, ma'am.

---

[16] *Id.* at 3.
[17] R. Doc. 70.
[18] R. Doc. 71.
[19] R. Doc. 76.
[20] R. Doc. 36 at 3.
[21] *Id.*
[22] *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014).

. . .

> **THE COURT:** Do you also understand that you can only bring a postconviction proceeding if you can show that ineffective assistance of counsel affected the validity of your guilty plea or your waiver of appeal and collateral challenge rights?
>
> **THE DEFENDANT:** Yes, ma'am.
>
> **THE COURT:** Has your attorney advised you of your appeal rights and the effect of waiving those rights?
>
> **THE DEFENDANT:** Yes, ma'am.
>
> **THE COURT:** Do you voluntarily agree to waive your appeal rights?
>
> **THE DEFENDANT:** Yes, ma'am.[23]

Defendant also informed the Court that he read and understood the information contained in his plea agreement and that he signed the agreement.[24] The Fifth Circuit has found that this is sufficient to establish that a defendant knowingly and voluntarily waived his right to appeal.[25] Accordingly, he is bound to the terms of his plea agreement.[26]

"[A] plea agreement is construed strictly against the Government as the drafter."[27] Although Defendant expressly waived his right to appeal his sentence, including under

---

[23] R. Doc. 66 at 19–20.

[24] *Id.* at 16.

[25] *See Higgins*, 739 F.3d at 736–37 (We will . . . enforce a waiver on appeal regardless of whether the district court addressed it directly where the record indicates the defendant has read and understood his plea agreement and has raised no questions about the waiver. The district court specifically asked [the defendant] whether he had read and understood the plea agreement and whether the signature was his. [The defendant] answered affirmatively and asked no questions. Because [the defendant] knowingly and voluntarily waived his right to appeal, he is bound by the obligations of the plea agreement."); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because [the defendant] indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994) ("We hold, therefore, that when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal.").

[26] *Higgins*, 739 F.3d at 736–37.

[27] *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008).

§ 2255,[28] he specifically retained the right to appeal his sentence if it exceeded the statutory maximum or "if he establishe[d] that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[29]

## A.   Defendant's Sentence Did Not Exceed the Statutory Maximum

Although Defendant does not argue his sentence exceeded the statutory maximum, the Court addresses this issue briefly. Defendant pleaded guilty to distribution of heroin and to possession with intent to distribute crack, both in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[30] The Government also filed a bill of information pursuant to 21 U.S.C. § 851 to establish that Defendant had previously been convicted of possession with intent to distribute crack.[31] At his rearraignment, Defendant affirmed that he pleaded guilty to possession with intent to distribute crack cocaine in violation of Louisiana Revised Statute 40:967(B)(1) on August 8, 2008, as stated in the bill of information.[32] As a result, the statutory maximum term of imprisonment for Counts 1 and 2 was 30 years.[33] Defendant's 200-month sentence of imprisonment fell well below the 30-year maximum.

## B.   Defendant Has Not Established He Had Ineffective Assistance of Counsel

A defendant asserting ineffective assistance of counsel must "show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant."[34] The Supreme Court

---

[28] R. Doc. 36 at 3.
[29] *Id.*
[30] R. Doc. 1 at 1–2; R. Doc. 34.
[31] R. Doc. 33.
[32] R. Doc. 66 at 10.
[33] 21 U.S.C. § 841(b)(1)(C).
[34] *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citations omitted) (internal quotation marks omitted).

explained in *Strickland v. Washington*:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.[35]

The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,"[36] and "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[37]

In the motion to vacate, Defendant challenges his sentence on two grounds: (1) his sentence was based on a 100-to-1 crack-to-powder ratio rather than an 18-to-1 ratio; and (2) he should not have been subject to the career-offender enhancement.[38] He argues counsel was ineffective for failing to bring these issues to the Court's attention.

### 1. 100-to-1 Crack-to-Powder Ratio

Defendant argues he is entitled to be resentenced in light of *Dorsey v. United States*,[39] as Defendant argues he was sentenced based on a 100-to-1 crack-to-powder ratio rather than an 18-to-1 ratio.[40] Defendant argues counsel was ineffective for failing to raise this objection during or prior to sentencing.

First, Defendant fails to show that his attorney's representation fell below an objective standard of reasonableness. Second, he does not, and cannot, show that such

---

[35] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[36] *Id.* at 689.
[37] *Id.* (internal quotation marks omitted).
[38] R. Doc. 70 at 4–7, 14–15.
[39] 132 S. Ct. 2321 (2012).
[40] R. Doc. 70 at 4–5, 14.

6

allegedly deficient performance prejudiced him because he was not subjected to a 100-to-1 crack-to-powder ratio at sentencing.

The Fair Sentencing Act, enacted by Congress in 2010, reduced the crack-to-powder ratio from 100:1 to 18:1.[41] The Act took effect on August 3, 2010, and the Sentencing Commission subsequently promulgated conforming guidelines, which became effective on November 1, 2010.[42] Defendant was sentenced on March 27, 2013, well after the new guidelines became effective.

The presentence investigation report ("PSR") stated that Defendant was responsible for 11.08 grams of cocaine base (crack) and for .2 grams of heroin.[43] The 2012 Sentencing Guidelines, which were in effect during Defendant's sentencing and were used by the probation officer in preparing the PSR,[44] provided that when more than one controlled substance was involved in an offense, the substances were to be converted to their marijuana equivalents. The quantities were to be added and applied to the sentencing guidelines' drug quantity table to yield the combined drug offense level.[45]

The drug equivalency table provided that 1 gram of cocaine base (crack) equaled 3,571 grams of marijuana and that 1 gram of cocaine equaled 200 grams of marijuana.[46] 3,571 to 200 yields a ratio of about 17.855 to 1—not 100 to 1. The PSR converted Defendant's crack quantity of 11.08 grams to its marijuana equivalent of 39.5666 kilograms. It also converted Defendant's heroin quantity of .2 grams to its marijuana equivalent of .0002 kilograms.[47] Defendant's total drug quantity was the equivalent of

---

[41] *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012).
[42] *Id.*
[43] R. Doc. 39 at 9–10. Defendant had no objections to the PSR at sentencing. *See* R. Doc. 68 at 4.
[44] *See* R. Doc. 39 at 2.
[45] U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. application n.8(B) (2012).
[46] *Id.* at § 2D1.1 cmt. application n.8(D).
[47] The drug equivalency table equated 1 gram of heroin to 1 kilogram of marijuana. *See id.*

39.5668 kilograms of marijuana, and the PSR correctly noted Defendant's base offense level was 18.[48] At Defendant's sentencing hearing, the Court adopted the statements in the PSR as its findings of fact.[49] Defendant was sentenced within the guidelines range based initially on the base offense level of 18. Clearly Defendant was not subject to a crack-to-powder ratio of 100-to-1; accordingly, his attorney had no obligation to raise an objection to the application of a 100-to-1 crack-to-powder ratio.[50]

### 2. Career-Offender Enhancement

Defendant also argues he is entitled to be resentenced because he is not a career offender pursuant to *Johnson v. United States*[51] and thus should not have received a sentence enhancement.[52]

### (a) Increased Offense Level under the Guidelines

The only career-offender enhancement applied in this case was under Sentencing Guidelines § 4B1.1.[53] If a defendant is a career offender under § 4B1.1(a), the offense level is increased based on the offense's statutory maximum.[54] In this case, because the applicable statutory maximum was 30 years, Defendant's offense level increased from 20[55] to 34.[56] Therefore, *Johnson v. United States*, in which the Supreme Court held that

---

[48] *See* R. Doc. 39 at 9–10. At least 20 kilograms, but less than 40 kilograms, of marijuana yielded a base offense level of 18 in the 2012 Sentencing Guidelines. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(11) (2012).

[49] R. Doc. 68 at 4–5.

[50] *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998); *United States v. Cronic*, 466 U.S. 648, 657 n.19 (1984) ("Of course, the Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade.").

[51] 135 S. Ct. 2551, 2563 (2015).

[52] R. Doc. 70 at 5–7, 14–15.

[53] *See* R. Doc. 39 at 10.

[54] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(b) (2012).

[55] Defendant's base offense level was 18, as explained *supra* Part B.1. Two offense points were added under § 2D1.1(b)(1), which provides for a two-level increase if a dangerous weapon was possessed. Therefore, Defendant's total offense level was 20 points prior to the application of the § 4B1.1 enhancement.

[56] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(b)(2) (2012).

"imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," is inapposite.[57]

Under § 4B1.1(a) of the 2012 Sentencing Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[58] The Guidelines defined "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."[59]

According to the PSR, Defendant was over age 18 at the time he committed the underlying offense.[60] The underlying crimes to which he pleaded guilty were controlled substance offenses—distribution of heroin and possession with intent to distribute crack.[61] The PSR also reflected that Defendant had at least two prior felony convictions of

---

[57] *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). In *Johnson*, the Majority framed the issue as follows:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555.
[58] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2012).
[59] *Id.* at § 4B1.2.
[60] R. Doc. 39 at 4, 6–8.
[61] *See* R. Doc. 1 at 1–2.

a controlled substance offense.[62] Therefore, based on the facts contained in the PSR, Defendant was a career offender under § 4B1.1(a), and the probation officer correctly applied § 4B1.1(b). Defendant neither objected to the PSR nor sought to amend or correct the PSR.[63]

(b) Increased Statutory Maximum under 21 U.S.C. § 841(b)(1)(C)

Defendant faced a statutory maximum of 30 years pursuant to 21 U.S.C. § 841(b)(1)(C). Although § 841(b)(1)(C) provides for a 20-year maximum, if the defendant "commits such a violation after a prior conviction for a felony drug offense has become final," he is subject to a 30-year maximum under § 841(b)(1)(C).[64] To establish that Defendant had a prior conviction for a felony drug offense, the Government filed a bill of information pursuant to 21 U.S.C. § 851, which requires the Government to file an information stating the previous conviction on which the Government seeks to rely to increase the punishment a defendant faces.[65] The bill of information stated that on or about August 8, 2008, Defendant pleaded guilty to possession with the intent to distribute crack cocaine in violation of Louisiana Revised State 40:967(B)(1) and that he was sentenced to four years in the Louisiana Department of Corrections.[66] At his rearraignment, Defendant acknowledged and affirmed the accuracy of the facts contained in the bill of information and the conviction referenced therein.[67] The Court informed Defendant that, by pleading guilty to the bill of information, the statutory maximum sentence for Counts 1 and 2 would increase from 20 years to 30 years.[68] Defendant

---

[62] *See* R. Doc. 39 at 11–14.
[63] R. Doc. 68 at 4; R. Doc. 39 at 25.
[64] 21 U.S.C. § 841(b)(1)(C).
[65] 21 U.S.C. § 851(a)(1).
[66] R. Doc. 33.
[67] R. Doc. 66 at 8–9.
[68] *Id.* at 9.

confirmed he understood the impact of pleading guilty to the bill of information.[69]

Defendant was sentenced to a term of imprisonment of 200 months, which is less than 17 years. Defendant has failed to establish that the increased statutory maximum, from 20 years to 30 years, impacted his sentence or prejudiced him in any way. Regardless, the increased maximum was properly applied.

Therefore, his attorney had no obligation to raise an objection to the application of a career-offender enhancement.[70] Defendant fails to show that his attorney's representation fell below an objective standard of reasonableness and that such allegedly deficient performance prejudiced him.

C.  Conclusion

The Court finds Defendant knowingly and voluntarily entered into his plea agreement. Under the terms of the plea agreement, Defendant expressly waived his right to appeal his sentence, including under § 2255,[71] but specifically retained the right to appeal his sentence if it exceeded the statutory maximum or "if he establishe[d] that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[72] Defendant has failed to establish, however, that his sentence exceeded the statutory maximum or that he had ineffective assistance of counsel.

**CONCLUSION**

For the foregoing reasons;

---

[69] *Id.* at 9–10.
[70] *See Jones*, 163 F.3d at 300; *Cronic*, 466 U.S. at 657 n.19.
[71] R. Doc. 36 at 3.
[72] *Id.*

**IT IS ORDERED** that Defendant's motion to vacate under 28 U.S.C. § 2255 is **DENIED**.

New Orleans, Louisiana, this 23rd day of February, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

12